**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES E. WOLF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-01073-ACL |
| | ) |
| LOUGHBOROUGH COMMONS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following self-represented plaintiff James E. Wolf's response to the Court's Order to Show Cause. For the following reasons, plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

On August 21, 2024, the Court issued a Show Cause Order requiring plaintiff to establish this Court's subject matter jurisdiction. Plaintiff's is a slip-and-fall case. He alleges defendant companies were negligent by not cleaning up an oil spill in a Schnucks parking lot. Plaintiff fell and injured himself after slipping in the oil. He does not allege diversity of citizenship or a federal question.

On September 5, 2024, plaintiff responded by filing 37 pages of additional allegations against defendants, several unions, and "shady judicial people." Also included were stories of his time working for the United States government in areas of national security, national geospatial intelligence, running off cartels, and for various branches of the military. He states various unrelated new claims for violations of the Americans with Disabilities Act, white color crimes, crimes against a person by the City of Arnold, stealing, hate crimes, labor racketeering, state court

corruption, and common fraud by government officials. He includes all of this information to explain "why this case needs to be held in the federal court system." (ECF No. 6 at 36).

Plaintiff has not alleged any new federal constitutional or statutory claims arising out of his fall in defendants' parking lot. Rather, his response goes in several different directions but does not address subject matter jurisdiction. Because this Court hears only cases involving federal questions or cases in which the parties are citizens of different states, the Court has no power to hear plaintiff's case. As a result, this case will be dismissed for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that movant Brian R. Shank and Katherine F. Asfour's motions to quash subpoenas are **GRANTED**. [ECF Nos. 7 and 8]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE